# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT ALLEN, #C618,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 17−cv−00351−JPG |
| | ) |
| **BOND COUNTY JAIL,** | ) |
| **JEFF BROWN,** | ) |
| and **BOND COUNTY, ILLINOIS,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**Gilbert, District Judge:**

Plaintiff Robert Allen, an inmate who is currently detained at St. Tammany Parish Jail in Covington, Louisiana, filed this civil rights action pursuant to 42 U.S.C. § 1983 to complain about the conditions of his confinement at Bond County Jail in Greenville, Illinois. (Doc. 1). Plaintiff claims that he was subjected to unconstitutional conditions of confinement at the Jail between November 5, 2016 and January 29, 2017. (Doc. 1, p. 2). As a result of his exposure to black mold, he now experiences back pain, nausea, diarrhea, headaches, and blood in his urine. (Doc. 1, pp. 2-3). In connection with his claim for unconstitutional conditions of confinement, Plaintiff seeks monetary relief, lifetime medical treatment, and a full investigation of the Jail by the Environmental Protection Agency. (Doc. 1, p. 4).

On May 8, 2017, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), in which he seeks leave to proceed in this matter as a poor person. (Doc. 5). Before screening his Complaint under 28 U.S.C. § 1915A, the Court will consider Plaintiff's eligibility

to proceed without prepayment of the Court's usual $350.00[1] filing fee in a civil case. *See* 28 U.S.C. § 1914(a). For the reasons set forth herein, Plaintiff's IFP Motion shall be **DENIED**.

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form. (Doc. 5).

Plaintiff is nonetheless barred from proceeding IFP. *See* 28 U.S.C. § 1915(g). According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's motion must be denied on this basis.

Court documents are public records, and the Court can take judicial notice of them. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) discloses

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

that Robert Allen commenced at least three prior actions that were dismissed for failure to state a claim upon which relief may be granted. *See Allen v. U.S. Marshals Serv.*, No. 15-cv-3545 (W.D. Mo., dismissed Feb. 2, 2016); *Allen v. Taney Cnty. Circuit Court*, No. 16-cv-3363 (W.D. Mo., dismissed Oct. 20, 2016); *Allen v. United States*, No. 15-cv-3524 (W.D. Mo., dismissed Feb. 5, 2016). He received a "strike" in each of these cases and was then denied IFP by the Western District of Missouri in at least one other case. *See Allen v. Williams*, No. 16-cv-3468 (W.D. Mo., dismissed Nov. 30, 2016) (Doc. 4, pp. 1-2) (noting "Plaintiff has had three or more prior prisoner actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted"). Allen then filed two new cases in this District. *See Allen v. State of Ill.*, No. 16-cv-01314 (S.D. Ill., dismissed March 20, 2017 for failure to state a claim); *Allen v. Bond County Jail*, No. 17-00367-JPG (S.D. Ill., ordered to show cause why case should not be dismissed as sanction for failure to disclose litigation history).

Plaintiff is, by all indications, the same Robert Allen who incurred the above-referenced "strikes" prior to filing the instant action. Plaintiff's handwriting in the Complaint (Doc. 1) is distinctive and appears to be identical to the handwriting in the pleadings filed in the Western District of Missouri and this District. Based on a review of these records, the Court is satisfied that Plaintiff "struck out" by accumulating at least four "strikes" for purposes of § 1915(g) before filing the instant case.

Because he has accumulated at least three "strikes" for purposes of §1915(g), Plaintiff may not proceed IFP in this case unless he is under imminent danger of serious physical injury. Plaintiff has not satisfied this requirement. The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d

328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff does not claim to be in imminent danger in his Complaint (Doc. 1) or his IFP Motion (Doc. 5). He complains of conditions he encountered at a Jail where he is no longer incarcerated. He is no longer exposed to the conditions. Although he complains of lingering side effects of this exposure, the symptoms he describes, including back pain, nausea, "minimal" diarrhea, headaches, and "occasional" blood in his urine, do not appear to present an imminent danger of serious physical injury. (Doc. 1, pp. 2-3). The fact that someone advised him of a connection between kidney cancer and exposure to black mold does not mean that he now has cancer or will ever develop it. *Id*. Although the medical issues he describes are potentially serious, the allegations do not suggest that the danger is "imminent" within the meaning of § 1915(g). Further, any claim arising from the present denial of medical care for these symptoms should be brought against officials at St. Tammany Parish Jail who are denying Plaintiff medical treatment, not against officials at Bond County Jail. Because Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of § 1915(g), he cannot proceed IFP in this case.

## **Sanctions**

A plaintiff who is denied IFP will normally be allowed to proceed with his lawsuit, if he

prepays the full filing fee of $400.00 for the action.  This is not the typical case.  Plaintiff failed to disclose his litigation history in his Complaint and at the time he requested permission to proceed as a poor person.  (Doc. 1, 5).  Therefore, the Court must also consider whether it is appropriate to dismiss this action as a sanction.

The Court-issued complaint form requires plaintiffs to disclose any lawsuits in state or federal court relating to their imprisonment.  It requires disclosure of all lawsuits of this nature by directing plaintiffs to "describe the additional lawsuits on another sheet of paper."  The form quite clearly warns plaintiffs that "[f]ailure to comply with this provision may result in summary denial of your complaint."  Although Plaintiff did not use this form to prepare the instant Complaint, he recently used it to prepare two other lawsuits for filing in this District and answered this question in the negative both times.  *See Allen v. Bond County Jail*, No. 17-cv-00367-JPG (S.D. Ill. 2017) (Doc. 1, p. 3); *Allen v. State of Ill.*, No. 16-cv-01314-NJR (S.D. Ill. 2016) (Doc. 1, pp. 3-4).  In the instant Complaint, Plaintiff simply omitted all reference to his prior suits, including his "strikes."  (Doc. 1).  In his IFP Motion, Plaintiff failed to mention that he is ineligible to proceed IFP.  (Doc. 5).

A plaintiff's failure to disclose his litigation history, particularly when he seeks to proceed IFP, may be grounds for immediate dismissal of the suit.  *Isby v. Brown*, -- F.3d --, App. No. 15-3334, 2017 WL 1905966 (7th Cir. 2017) (citing *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP)).  *See also Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court); *see also Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-

issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). In light of controlling authority, this action is subject to dismissal as a sanction for Plaintiff's omission of this critical information from his Complaint and IFP Motion. Accordingly, Plaintiff will be ordered to show cause why this action should not be dismissed as a sanction for his misconduct. Failure to do so by the deadline will result in dismissal of this action with prejudice.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 5) is **DENIED**. He is obligated to pay the full filing and docketing fee of $400.00 for this action. Failure to pay the full filing fee within twenty-one (21) days (**on or before June 8, 2017**) shall result in dismissal of this case and the action with prejudice for failure to comply with an Order of this Court. *See* FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff is **ORDERED TO SHOW CAUSE** within twenty-one (21) days (**on or before June 8, 2017**) why this Court should not sanction him for fraudulent litigation conduct by dismissing his Complaint and the action *with prejudice*, based on the omission of his entire litigation history from the Complaint (Doc. 1) and IFP Motion (Doc. 5). *Hoskins*, 633 F.3d at 543. If this Court finds that Plaintiff has failed to show cause why he should not be sanctioned, an order shall be entered dismissing the Complaint and action with prejudice, and this case shall be closed.

**Failure to comply with both of the Orders herein by the deadline imposed shall result in dismissal of the Complaint and this action with prejudice for failure to comply with an Order of the Court.** *See* **FED. R. CIV. P. 41(b).**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court informed of any change in his address. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 17, 2017**

*s/J. Phil Gilbert*
**United States District Judge**