IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT ALLEN, #C618, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17−cv–00351−JPG |
| | ) |
| BOND COUNTY JAIL, | ) |
| JEFF BROWN, | ) |
| and BOND COUNTY, ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**Gilbert, District Judge:**

This matter is now before the Court for a decision regarding the imposition of sanctions. Plaintiff Robert Allen filed this civil rights action pursuant to 42 U.S.C. § 1983 to challenge the conditions of his confinement at Bond County Jail in Greenville, Illinois. (Doc. 1). Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), in which he seeks leave to proceed without prepayment of the $400.00 filing fee. (Doc. 5). However, he failed to disclose his litigation history in the Complaint and IFP Motion. (Docs. 1 5).

Review of public records revealed that Plaintiff incurred at least three "strikes" before filing the instant action. *See Allen v. U.S. Marshals Serv.*, No. 15-cv-3545 (W.D. Mo., dismissed Feb. 2, 2016); *Allen v. United States*, No. 15-cv-3524 (W.D. Mo., dismissed Feb. 5, 2016); *Allen v. Taney Cnty. Circuit Court*, No. 16-cv-3363 (W.D. Mo., dismissed Oct. 20, 2016). *See also See Allen v. Williams*, No. 16-cv-3468 (W.D. Mo., dismissed Nov. 30, 2016) (Doc. 4, pp. 1-2) (noting "Plaintiff has had three or more prior prisoner actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted"). A strike is assessed against a prisoner who files an action that is dismissed as

1

frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). A prisoner-plaintiff who incurs three or more strikes is ineligible to proceed IFP, unless he faces imminent danger of serious physical injury. The Complaint suggests no such thing.

Therefore, on May 17, 2017, the Court entered an Order denying IFP, which obligated Plaintiff to pay the $400.00 filing fee. (Doc. 6, pp. 2-3). Plaintiff was required to pay this amount in full by June 8, 2017, if he wished to proceed with this action. (Doc. 6, pp. 4-5). He has not paid any portion of this fee to date.

Because Plaintiff disclosed none of his strikes when seeking leave to proceed IFP, the Court also ordered him to show cause why sanctions should not be imposed. (Doc. 6, pp. 4-6). The Court explained that it would dismiss this action with prejudice if Plaintiff failed to satisfy the show cause order. (Doc. 6, pp. 6-7). Plaintiff's response was due on or before June 8, 2017. *Id*. He was warned that failure to respond to the show cause order by the deadline would result in dismissal of this action with prejudice. *Id*. (citing FED. R. CIV. P. 41(b)). The deadline has now passed. Plaintiff has not responded to the show cause order. He has also failed to request an extension of the deadline for doing so.

Under the circumstances, the Court deems it appropriate to dismiss this action with prejudice for failure to comply with an Order of the Court and as a sanction against Plaintiff for intentionally misleading the Court in his application for IFP.

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for failure to comply with a court order and as a sanction against Plaintiff for intentionally misrepresenting that he is eligible to proceed *in forma pauperis* in this case. *See* FED. R. CIV. P. 41(b); *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction

for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP). The dismissal does not count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **WARNED** that he may be subject to additional sanctions, including monetary fines and/or a filing ban until all outstanding fines and fees are paid, if he omits his litigation history and the fact that he has "struck out" under 28 U.S.C. § 1915(g) from future IFP applications filed in this District.

**IT IS FURTHER ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). The agency having custody of Plaintiff is directed to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account (including all deposits to the inmate account from any source) until the statutory fee of $400.00 is paid in its entirety. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of Court each time Plaintiff's account exceeds $10.00 until the $400.00 filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at St. Tammany Parish Jail in Covington, Louisiana, *upon entry of this Order*.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons*, 547 F.3d at 725-26; *Sloan*, 181 F.3d at 858-59; *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 22, 2017**

*s/J. Phil Gilbert*
**District Judge**
**United States District Court**
